was improper, what instructions defendant failed to give, and what proper rules it did not promulgate; nor was it any answer to defendant's demand that defendant was in a position to know the facts.

[Ed. Note.—For other cases, see Pleading; Dec. Dig. § 317.*]

Appeal from Special Term, Orange County.

Action by Mary A. Higgins, as administratrix, etc., of Frank Higgins, deceased, against the Erie Railroad Company. From an order denying in part defendant's application for a bill of particulars, it appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

John Bright, for appellant.
William P. Gregg, for respondent.

WOODWARD, J. This is an action to recover damages for personal injuries resulting in the death of plaintiff's son. The complaint alleges, in very general language, a cause of action growing out of an accident which occurred while the deceased was engaged in oiling machinery in defendant's rail shop at Port Jervis, and the learned court at Special Term has granted defendant's motion for a bill of particulars in respect to a portion of the matters alleged in the complaint, and denied the following, of a like nature:

"(1) In what respects and in what manner does plaintiff claim that the machinery provided and maintained by defendant was unusual and improper."

"(3) What proper and usual instructions and protection does plaintiff claim defendant failed to give decedent in connection with his work.

"(4) What proper and usual rules for the protection of decedent does plaintiff claim defendant failed to make, have, and promulgate."

The complaint alleges negligence in all of these matters, but in such a general way as to make it practically impossible to determine what issues are to be met; and it is no answer to defendant's demand for a bill of particulars that defendant is in a position to know the facts. The question to be determined is what the plaintiff claims are the facts. That is the issue to be tried, and the defendant has a right to be informed of the issues by the pleadings; a bill of particulars being a part of such pleadings.

The order appealed from should be reversed, and defendant's motion should be granted. All concur.

---

GIRSHOFF v. MARX et al.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

MASTER AND SERVANT (§§ 288, 289*)—NEW TRIAL (§ 65*)—QUESTIONS OF FACT —EVIDENCE.

In an action under the employer's liability act (Consol. Laws, c. 31, §§ 200–204), the question of contributory negligence and acceptance of risk is one of fact; and, where there is evidence in support of plaintiff's cause

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of action, it is not as a rule the province of the trial court to set aside a verdict in his favor.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 288, 289;* New Trial, Cent. Dig. § 130; Dec. Dig. § 65.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Samuel Girshoff against Michael Marx and another. From an order setting aside a verdict for plaintiff, he appeals. Reversed, and verdict reinstated.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Isador Goetz, for appellant.
Earle W. Webb, for respondents.

WOODWARD, J. Plaintiff pleaded, and established by evidence, a cause of action under the employer's liability act, and the jury gave him a verdict for $175 in the Municipal Court. This verdict the learned court set aside and granted a new trial, evidently upon the theory that the plaintiff had been guilty of contributory negligence.

We think the court erred in this. The evidence showed that defendants furnished a defective machine for plaintiff; that he had complained of the defect to a foreman, and that the latter had promised to repair the same; that the accident occurred by reason of a belt slipping from a loose pulley to a tight one, starting the machine on which plaintiff was engaged in making repairs. Under the employer's liability act, the question of contributory negligence and acceptance of risks is one of fact; and where there is evidence in support of plaintiff's cause of action it is not, as a rule, the province of the court to set aside the verdict. In this case there was abundance of evidence from which the jury might have found the plaintiff free from contributory negligence, and the reasons suggested by the learned court for setting aside the verdict clearly indicate the error of the action.

The order should be reversed, and the verdict reinstated, with costs. All concur.